# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY DEAN FOX,**

      **Petitioner,**

      v.                               Case No. 08-C-389

**STATE OF WISCONSIN,**

      **Respondent.**

## ORDER DISMISSING PETITION

On May 6, 2008, Jeffrey Dean Fox ("Fox"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 18, 2008, the Honorable Charles N. Clevert, Jr. screened Fox's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered Fox to file a brief addressing the issue of timeliness and permitting the respondent the opportunity to reply. These pleadings are now closed. All parties have previously consented to the full jurisdiction of a magistrate judge.

On October 12, 2004, Fox pled guilty in Waukesha County Circuit Court to one count of using a computer to facilitate a child sex crime. (Docket No. 10-2.) On March 4, 2005 he was sentenced to a term of initial confinement of two years and six months to be followed by three years and six months of extended supervision. (Docket No. 10-2.) Fox did not appeal his conviction, (Docket No. 1 at 3), or otherwise pursue relief in state court, (Docket No. 1 at 4).

Fox's failure to file the present petition within one year of his conviction becoming final and Fox's failure to exhaust his state court remedies present two independent reasons why his petition must be dismissed.

28 U.S.C. § 2254(b)(1) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509 (1982)). When a petitioner fails to present a claim first to a state court, the federal court may stay the federal petition to permit the petitioner time to exhaust his state court remedies. However, a district court may grant a stay only if the petitioner demonstrates that there was good cause for his failure to exhaust his state court remedies and that his claims are potentially meritorious. Id. at 277-78.

Fox has failed to demonstrate good cause for his failure to exhaust his state court remedies. In fact, he provides no reason why he did not pursue state court remedies other than alleging that his trial attorney told him that an appeal would be fruitless. He offers no explanation as to why he did not first turn to the state courts once he uncovered the alleged errors he complains of in his present petition.

Further, the court finds that staying the present petition to permit Fox time to exhaust his claims is not appropriate because, regardless of any stay, Fox's present petition is already untimely. 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because there was no appeal filed in the present case, in accordance with 28 U.S.C. § 2244(d)(1)(A), Fox's conviction became final 20 days after his sentencing when the time period for Fox filing a notice of intent to pursue post-conviction relief passed without Fox taking any action. See Wis. Stat. § 809.30(2)(b). This deadline passed on March 24, 2005, and therefore Fox had until March 24, 2006 in which to file his present petition.

Based upon Fox's response, it appears that he might be arguing that subsection (D) should apply and the one-year deadline should run from the "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, he provides no indication of when he alleges this one-year clock began to run. He simply states that while in prison, it was difficult for him to investigate his case and once out, his efforts have been slowed by court restrictions on his ability to use the internet, and the requirement that he make numerous phone calls.

The facts underlying Fox's present claims were certainly knowable, if not actually known, to him at the time of his conviction. Perhaps Fox did not regard these facts as forming the basis for any

3

sort of claim for relief, but the one-year clock starts running from the time the relevant facts are known or knowable through the exercise of due diligence, not the time when the petitioner recognizes the significance of those facts. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Thus, it is the conclusion of the court that under either § 2244(d)(1)(A) or (D) (the court is presented with no basis to conclude that § 2244(d)(1)(B) or (C) may be applicable), the one-year clock began to run no later than March 24, 2005.

Finally, the court finds no basis to conclude that the one-year time limit should be equitably tolled. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Fox has failed to demonstrate either element and therefore, the court must conclude that Fox's petition is untimely.

**IT IS THEREFORE ORDERED** that Fox's petition is **dismissed**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of May, 2009.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge